**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| James Ed Rivers, | ) | Case No. 1:20-cv-2806 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| Robert Semmens, *et.al.*, | ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

On April 9, 2021, Defendants filed a Notice of Suggestion of Death, informing the Court that Plaintiff James Ed. Rivers (Rivers or Plaintiff) has died. (R. 8). Despite reasonable notice, Plaintiff's next of kin have not attempted to continue this action, and Defendants have filed a Motion to Dismiss. (R. 14).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (R. 14) is GRANTED and Plaintiff's complaint is DISMISSED for the reasons explained herein.

**I. BACKGROUND**

Plaintiff filed a previous prisoner civil rights complaint, *pro se*, in this Court under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), against Robert Semmens, Jeremiah Linden, Robbyn Ware, Marc Bratton (Defendants) and "All Unknown Actors/Agents"

(John Doe defendants). (R. 1).[1] The complaint arose from an incident, initially between Rivers and defendant Semmens, in which Plaintiff was allegedly subjected to a hostile and abusive strip search. Pursuant to Rule 41(a)(2), the Court dismissed that case without prejudice.

On December 18, 2020, Plaintiff, then an inmate of the Grafton Correctional Institute, re-initiated this action with the filing of a *pro se* complaint pursuant to 42 U.S.C. § 1983. (R. 1). On April 9, 2021, Defendant Bratton, through the Ohio Attorney General, filed a "Suggestion of Death" advising that Plaintiff passed away on January 19, 2021. (R. 7). Bratton provided a internet citation to the Ohio Department of Corrections Offender Tracking Information System, reflecting that Plaintiff was discharged on January 19, 2021, and listing the reason for discharge as "death." *Id*. Defendants also submitted a internet citation to Plaintiff's obituary on the Raisian Funeral Home website as proof of death.[2] *Id.*

By June 4, 2021, the State of Ohio represented all four named Defendants. (R. 12 PageID# 71). The Defendants, through counsel, notified the Court that on May 21, 2021, counsel sent the Notice of Suggestion of Death by mail through the United States Postal Service (USPS) return receipt requested to Plaintiff's next of kin, Mary Jane Rivers (Ms. Rivers), based on Plaintiff's inmate records naming her as his wife. (R. 12, PageID# 72; *see also* R. 14 PageID# 75, 77).

## II. ANALYSIS

Now pending before the Court is Defendants' October 14, 2021 motion to dismiss this case due to Plaintiff's suggested death. (R. 14). Defendants, through the Ohio Attorney General,

---

1 This case is a re-filing of *Rivers v. Semmens, et al.,* Case No. 1:19 CV 1515, in which the parties consented to the Magistrate Judge's jurisdiction. (R. 5).
2 https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A378437 and
https://www.raisianfuneralhome.com/obituary/James-RiversJr#:%7E:text=On%20the%2019th%20of%20January,at%2074%20years%20of%20age

certify that they attempted service of the Notice of Suggestion of Death to Plaintiff's next of kin through institutional mail to be forwarded to Plaintiff's next of kin and via certified mail. (R. 7 PageID# 62; R. 12 PageID# 72-73; R. 14 PageID# 75). Defendants' motion to dismiss is supported by the Notice of Suggestion of Death mailed May 21, 2021, via the USPS certified mail to Ms. Rivers with the certified mail tracking number, and USPS Tracking status describing the certified mail as "Delivered, Left with Individual." (R. 14-1, Page ID#81, 82; R. 14-2, Page ID# 88-89). Defendants assert that, following the appropriate notifications, Ms. Rivers has not attempted to substitute as plaintiff in this matter, or indicated a desire to continue litigation. (R. 14 PageID# 78). Defendants argue ninety (90) days have now passed, and the matter is ripe for dismissal in accordance with Fed. R. Civ. P. 25. *Id.*

Dismissal in this case is governed by Rule 25 which provides an affirmative two step-process for substitution of parties upon death. *Barlow v. Ground* 39 F.3d 231, 233 (9th Cir. 1994). First, in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added).

"The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Lawson v. County of Wayne,* 2012 WL 5258216 (E.D. Mich. Oct. 12, 2012) *quoting Gruenberg v. Maricopa Cnty. Sheriff's Office*, No. 06–0397, 2008 WL 2001253, at * 1 (D.Ariz. May 7, 2008) (*citing Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir.1985)). Bratton first suggested the January 2021 death of Plaintiff to the Court and the

other named parties on April 9, 2021. (R. 7). The four named Defendants reiterated the suggestion of death in a motion dated June 4, 2021. (R. 12). Therefore, the Defendants satisfied the first of two affirmative requirements by suggesting death.

Second, Rule 25 requires, "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." Fed. R. Civ. P. 25(a)(1). "Even when all parties are aware of the death of a party, the 90-day limit for a motion for substitution does not commence until service of the suggestion of death in the manner set out by the Federal Courts." *Henkel v. Stratton,* 612 F.Supp. 190, n. 1 (N.D. Ohio 1985) *citing United States v. Miller Brothers Construction Company*, 505 F.2d 1031 (10th Cir. 1974); *see also Dietrich v. Burrows*, 164 F.R.D. 220, 221 (N.D. Ohio 1995) ("the law is well settled that the Suggestion of Death must identify the successor or representative of the deceased."); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir. 1985) (successors and representatives of the deceased party must be personally served the suggestion of death); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("service of the suggestion of death upon parties is to be effected in accordance with Rule 5, and upon non-parties as provided in Rule 4").

As Plaintiff filed this civil action *pro se,* there is no attorney to inform Plaintiff's successors of this litigation. Rule 25 directs parties to follow Federal Rule of Civil Procedure Rule 4(e) to effect service on nonparties in a judicial district of the United States in the following manner ways:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

4

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

Defendants assert that they have "undertaken notice requirements" (R. 12 Page ID# 72) and "[f]ollow[ed] the appropriate notifications" in sending the suggestion of death to Plaintiff's next of kin. (R. 14 Page ID# 78). To be clear, "Notice, however, is not what Rule 25" requires. *McCutchen v. Sumner County Sheriff's Office*, 2019 WL 1672299 2 (M.D. Tenn. April 17, 2019). Therefore, the Court must determine if Defendants properly served Plaintiff's next of kin.

Ohio State Rules of Civil Procedures Rule 4.1(A)(1) authorizes service by United States Certified Mail "[e]videnced by return receipt signed by any person." OH ST RCP Rule 4.1(A)(1). Defendant's notified Plaintiff's spouse via USPS certified mail. (R. 7 PageID# 62; R. 12 PageID# 72-73; R. 14 PageID# 75). In support, Defendants have provided Notice of Suggestion of Death mailed May 21, 2021, via the USPS certified mail to Ms. Rivers, with the certified mail tracking number, and USPS tracking status describing the certified mail as "Delivered, Left With Individual." (R. 14-1, Page ID#81, 82; R. 14-2, Page ID# 88-89).

Defendants' service of the Suggestion of Death complies with Ohio State Rules of Civil Procedure, and consequently, also satisfies Fed.R.Civ.P. 4(e)(1) and Fed.R.Civ.P. 25(a)(1). "It is

5

presumed that valid service of process has been made when the envelope is received by any person at the defendant's address." *Rokakis v. Estate of Thomas*, 2008 WL 4447702 (8th Dist. May 29, 2008) ("Ohio Civ.R. 4.1(A) provides that service of process may be made by certified mail "evidenced by return receipt signed by any person * * *." Service by certified mail is perfected when it is sent to an address "reasonably calculated to cause service to reach the defendant." (*quoting Ohio Civ. Rights Comm. v. First Am. Properties,* 113 Ohio App.3d 233, 237 (1996)). Moreover, Defendants have provided evidence in the form of certified mail and tracking status demonstrating they have made a good faith effort to locate Plaintiff's next of kin with notice of the Suggestion of Death. *See Jones v. Prison Health Services*, 2014 WL 117326 (E.D. Mich. January 13, 2014) ("The Court does not intend to impose an 'onerous burden' on the suggesting party, but simply to require the party to make a good faith effort to identify and locate Plaintiff's successor.")

Defendants have demonstrated a good faith effort to identify, locate, and serve Plaintiff's next of kin; and, after serving Ms. Rivers, she and has not attempted to substitute as plaintiff in this matter or indicated a desire to continue litigation, within the allotted 90-days.

### III. Conclusion

Therefore, Defendants' Motion to Dismiss (R. 14) is GRANTED and Plaintiff's complaint is DISMISSED for failure to substitute a party within the 90-day period provided by Fed.R.Civ.P. 25(a)(1).

IT IS SO ORDERED.

Dated: February 7, 2022    s/ *David A. Ruiz*
DAVID A. RUIZ
U.S. MAGISTRATE JUDGE